576 A.2d 1111

**COMMONWEALTH of Pennsylvania**

**v.**

**Manuel POLANCO, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 18, 1990.

Decided June 15, 1990.

John R. Gailey, Jr., York, for appellant.

Gerald A. Lord, Asst. Dist. Atty., York, for Com., appellee.

Before ROWLEY, FORD ELLIOTT and HOFFMAN, JJ.

FORD ELLIOTT, Judge:

Appeal is taken from the judgment of sentence of a mandatory three to six years imprisonment for the delivery of cocaine. Appellant alleges that the trial court erred in its application of the mandatory provisions of 18 Pa.C.S. § 7508(a)(3)(i). We affirm.

On October 11, 1988, two complaints were filed by the York City Police Department charging appellant with having delivered 0.96 grams of cocaine on September 15, 1988, and 5.65 grams of cocaine on September 29, 1988, to an undercover agent. The two complaints were combined, along with a conspiracy count, in a single criminal information by the District Attorney's Office. Appellant pleaded

guilty to the three counts, and on June 1, 1989, and was sentenced as follows:

(1) with respect to count number three where appellant was charged with delivery of drugs on September 15, 1988,—imprisonment for not less than one nor more than two years;

(2) with respect to count number one where appellant was charged with delivery of drugs on September 29, 1988,—imprisonment for not less than three nor more than six years and a $5000.00 fine, because it is a second offense.

(3) with respect to the conspiracy count,—imprisonment for not less than three nor more than six years. All sentences were to run concurrently. A timely motion to reconsider the sentence was filed, and on June 15, 1989, that

motion was denied. This appeal followed.

■ Appellant argues that the trial court improperly applied the mandatory minimum penalty provisions of 18 Pa.C.S. § 7508(a)(3)(i) in sentencing him to three to six years imprisonment on the September 29, 1988 delivery conviction. The relevant portion of § 7508(a)(3)(i) is as follows:

(3) A person who ´ is convicted of violating section 13(a)(14) or (30) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of cocoa leaves ... shall, upon conviction be sentenced to a *mandatory minimum* term of imprisonment and a fine as set forth in this subsection:

(i) upon the first conviction when the amount of the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity and, *upon conviction for another offense subject to sentencing under this section:* three years in prison and $10,000 or such larger amount as is suffi-

cient to exhaust the assets utilized in and the proceeds
from the illegal activity.

(Emphasis supplied). Appellant contends that the mandatory minimum sentence of three years imprisonment applies under subsection (3)(i) only where the first conviction was *also* at least two grams and less than ten grams; and, therefore, since the court is relying on the September 15, 1988 delivery of less than one gram of cocaine as a first conviction under (3)(i), he has in effect been improperly sentenced.

We disagree with appellant's interpretation.

Initially we note that the right to appellate review of the issue of whether the trial court improperly complied with this section is more properly left to the Commonwealth under § 7508(c) and (d):

**(c) Mandatory sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole, work release or prerelease or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supercede the mandatory sentences provided herein....

**(d) Appellate review.**—*If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court.* The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

(Emphasis supplied).

Having expressed our concern with appellant's ability to challenge the application of this statute on appeal as a matter of right, we will nonetheless address the issue presented by appellant because the trial court in applying

§ 7508, felt that it was without discretion to sentence appellant to any term less than the mandatory minimum.

■ The mandatory minimum penalties provided by § 7508 were designed by the legislature *to compel* trial courts to impose at least a *minimum* period of confinement for violations of section (30) of The Controlled Substance, Drug, Device and Cosmetic Act. The clear intent of the legislature in enacting these provisions was to punish drug dealing and drug trafficking with mandatory terms of imprisonment. A court, within its discretion, may always sentence to *more* than the mandatory minimum. The statutory maximum sentence for a violation of section (30) for a first or subsequent conviction, regardless of the amount of the substance involved, is imprisonment for up to fifteen years and a $250,000 fine or both.

Appellant contends that the language of § 7508(a)(3)(i) "upon conviction for another offense subject to sentencing under this section" implies that in order to bring the mandatory sentence for another offense into play, the appellant had to have a prior conviction of at least two grams or more. We find this to be an incorrect reading of the statute.

In ascertaining the meaning of a statute, "we are required to consider the intent of the legislature and are permitted to examine the practical consequences of a particular interpretation. *Commonwealth v. Stewart*, 375 Pa.Super. 585, 544 A.2d 1384 (1988). We are to presume that the General Assembly did not intend a result that is absurd or unreasonable. *Commonwealth v. Martorano*, 387 Pa.Super. 151, 563 A.2d 1229 (1989)." *Commonwealth v. Lisboy*, 392 Pa.Super. 411 at 415, 573 A.2d 222 at 223 (1990).

In line with this mandate, we interpret the particular language in question to mean that a person, who has been convicted of delivering more than two grams and less than ten grams of cocaine and whose conviction constitutes his *first offense under section (30)*, must receive at least one year imprisonment. If, on the other hand, a person who

has been convicted of delivering more than two grams and less than ten grams of cocaine and his conviction constitutes *another offense under section (30)*, must then receive at least three years imprisonment. It is whether there was a prior conviction for violating section (30)—regardless of the amount of drugs involved—that determines the term of the mandatory minimum sentence.[1]

In the instant case, appellant had a prior conviction for violating Section (30). This violation consisted of the September 15, 1988 delivery of cocaine. Appellant was then convicted of *another* violation of Section (30). This violation consisted of the September 29, 1988 delivery of 5.65 grams of cocaine. Since the amount involved was more than two grams and less than ten grams, and since appellant had a prior conviction for violating Section (30), the trial court was compelled to sentence appellant to at least three years imprisonment. Though it could have sentenced appellant to a longer period of incarceration, the trial court deemed the mandatory minimum sentence to be sufficient.

Additionally, appellant argues that, for sentencing purposes, his conduct of delivering cocaine on two separate occasions should be considered as a single criminal episode or transaction. This court discussed this issue in *Commonwealth v. Fries*, 362 Pa.Super. 163, 523 A.2d 1134 (1987). The standard to be used in determining whether crimes constitute a transaction for sentencing purposes is whether

---

1. We are aware of House Bill No. 1274, Session of 1989, which *inter alia,* proposes a change in 18 Pa.C.S. § 7508(a)(3)(i). The amended clause would state that, "[upon the first conviction] when the [amount of] *aggregate weight of the compound or mixture containing* the substance involved is a least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity [and, upon conviction for another offense subject to sentencing under this section]; *however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense:* three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;" (Emphasis in original).

This bill has been in the House Rules Committee since December 13, 1989 and remains there at the time of this writing. This proposed amendment has no effect on our disposition of the instant case.

the acts of a defendant are temporally continuous and part of the same episode. Crimes which have items of similarity, identity, and repetitiveness but which are separated by periods of non-criminal behavior are not equated with a single transaction or episode. In this case, there were two distinct deliveries of cocaine separated by a span of two weeks. The trial court, following the legislative intent and mandate, properly sentenced appellant as a repeat offender of section (30).

Judgment of sentence affirmed.