615 A.2d 416

COMMONWEALTH of Pennsylvania

v.

Seth WILLIAMS, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 15, 1992.

Filed Oct. 22, 1992.

Robert N. Tarman, Harrisburg, for appellant.

Jerry J. Russo, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

TAMILIA, Judge:

Seth Williams appeals from the three (3) to six (6) year judgment of sentence imposed on December 18, 1991 after he was found guilty of possession of a small amount of marijuana,[1] possession of cocaine with intent to

1. 35 Pa.S. § 780–113(a)(31)(i).

deliver [2] and possession with intent to use drug paraphernalia.[3] Appellant was stopped for speeding and, while his license and registration were being checked, the dispatcher received an anonymous tip the car the appellant was driving contained a sizeable quantity of drugs. After a consensual visual inspection of appellant's car revealed a "roach", the officers arrested appellant, a search warrant was obtained and executed and quantities of cocaine, marijuana and drug paraphernalia were discovered in the vehicle. Appellant's pretrial motion to suppress this evidence was denied, the matter proceeded to trial and appellant was found guilty, nonjury, as stated supra. His post trial motions were denied and this appeal followed.

Appellant contends there was insufficient evidence to support his conviction for possession with intent to deliver a controlled substance. He also argues the officers conducted an illegal warrantless search of his vehicle thereby tainting all evidence confiscated. Finally, appellant argues the imposition of a mandatory three year sentence was improper.

In reviewing a sufficiency of the evidence claim we must determine whether the evidence and all reasonable inferences, when viewed in the light most favorable to the Commonwealth as the verdict winner, are sufficient to establish, beyond a reasonable doubt, each element of the crime(s) with which the defendant is charged. *Commonwealth v. McCullum*, 529 Pa. 117, 602 A.2d 313 (1992). To be convicted of possession with intent to deliver a controlled substance the Commonwealth must establish the defendant possessed the illegal drug and did so with the intent to deliver it. 35 Pa.S. § 780–113(a)(31)(i). When determining whether there was sufficient evidence to sustain a charge of possession with intent to deliver, all facts and circumstances surrounding the possession are relevant and the Commonwealth may establish the essential elements of the crime by wholly circumstantial evidence. *Commonwealth v. Ramos*, 392 Pa.Super. 583, 573 A.2d 1027 (1990). The record revealed eight small zip-lock plastic baggies of cocaine, the aggregate weight of which was

**2.** *Id.,* § 780–113(a)(30).

**3.** *Id.* § 780–113(a)(32).

5.94 grams, all of which were contained in one larger bag, were retrieved from the appellant's vehicle. It was the investigating officer, Gregory Taylor's testimony, based on his experience as an undercover narcotics investigator, the cocaine packets confiscated were not randomly purchased on the street but rather were representative of common packaging for distribution, the quantities contained known on the street as "sixteenths" (approximately 1.75 grams) (N.T., 8/5/91, pp. 91–92). Taylor also stated the $3,601 retrieved from appellant's sock by the arresting officer, Robert McCallister, was comprised mostly of $20 bills folded into $100 lots, a very common practice by those involved with trafficking narcotics (*Id.*, pp. 93–94). Although appellant testified the money seized was to be used for car repairs, the jury found this explanation incredible. We agree with the trial court's finding the packaging of the drugs, the large sum of organized cash and the absence of paraphernalia associated with the personal use of cocaine established, beyond a reasonable doubt, the cocaine was possessed with the intent to deliver.

Next, appellant argues the police conducted a warrantless search of his vehicle thereby requiring suppression of all items seized therefrom. The appellant claims the anonymous call to the dispatcher did not provide sufficient probable cause for the initial search of the defendant, the warrantless search of the vehicle and the subsequent search of the vehicle with a duly executed search warrant.

"[O]ur responsibility upon review is to determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings." *Commonwealth v. Goodwin*, 460 Pa. 516, 521, 333 A.2d 892, 895 (1975); *Commonwealth v. Grubb*, 407 Pa.Super. 78, 595 A.2d 133 (1991). Our standard of review is limited to the evidence of the Commonwealth, and so much of the evidence of the defendant which, as read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Rodriguez*, 387 Pa.Super. 271, 564 A.2d 174 (1989). When the factual findings of the suppression court are supported by the evidence. We may

reverse only if there is an error in the legal conclusions drawn from those factual findings. *Commonwealth v. Fromal,* 392 Pa.Super. 100, 572 A.2d 711 (1990); *see also Grubb, supra.* To justify an initial stop, a police officer must rely on specific and articulable facts, which if taken together with rational inferences therefrom reasonably warrant the stop. *Commonwealth v. Smith,* 396 Pa.Super. 6, 577 A.2d 1387 (1990). A legal arrest without a warrant depends upon probable cause. *Commonwealth v. Leib,* 403 Pa.Super. 223, 588 A.2d 922 (1991), *alloc. denied,* 528 Pa. 642, 600 A.2d 194 (1991). Probable cause exists if the facts available to a police officer would warrant a man of reasonable caution to believe a search would result in the discovery of contraband. *Id.* A tip from an anonymous informant can form the basis for probable cause if there is adequate evidence of the informant's credibility or reliability. *Commonwealth v. Carlisle,* 348 Pa.Super. 96, 501 A.2d 664 (1985), *affirmed,* 517 Pa. 36, 534 A.2d 469 (1987). The credibility of an informant and the reliability of his information may be determined by independent corroboration of the tip. *Id. See also Commonwealth v. Lemanski,* 365 Pa.Super. 332, 529 A.2d 1085 (1987). The facts relevant to appellant's argument follow.

On March 5, 1990, Officer McCallister observed appellant's brown Camaro being driven at a speed of 55–60 miles per hour in a 35 mile-per-hour zone and effectuated a traffic stop. As McCallister approached the vehicle, the driver rolled down his window and the officer detected the slight smell of marijuana. While McCallister was waiting for the results of the computer check on the vehicle's registration and appellant's license, which he did not have in his possession, the dispatcher received a 911 anonymous tip the brown Camaro stopped by the Susquehanna Township Police on Walnut Street contained a sizeable quantity of drugs and was being driven by a man named Seth. The officer requested back-up, asked appellant to exit his vehicle, advised him he was being issued a citation for speeding and then conducted a pat-down search for weapons. *See Commonwealth v. Walker,* 348 Pa.Super. 207, 501 A.2d 1143 (1985) (Incident to a lawful arrest, a police officer

may conduct a warrantless search of the arrestee's person to protect the officer from weapons to which arrestee may have access). In appellant's sock McCallister discovered a large sum of cash which was later determined to total more than $3,000. Upon obtaining appellant's consent to a visual inspection of his vehicle, he opened the car door, detected a strong odor of marijuana and noticed, in plain view, a "roach," or marijuana cigarette butt, in the ashtray. Appellant was placed under arrest for the possession of drugs and a warrant to search the vehicle was obtained and executed.

 When examining a particular situation to determine if probable cause exists,

> we consider all the factors and their total effect, and do not concentrate on each individual element.... We also focus on the circumstances as seen through the eyes of the trained officer, and do not view the situation as an average citizen might.... Finally, we must remember that in dealing with questions of probable cause, we are *not* dealing with certainties. We are dealing with the factual and practical considerations of everyday life on which reasonable and prudent men act. This is not the same 'beyond a reasonable doubt' standard which we apply in determining guilt or innocence at trial. *Commonwealth v. Ellis*, 354 Pa.Super. 11, 17–18, 510 A.2d 1253, 1256 (1986) (en banc).

*Commonwealth v. Chase*, 394 Pa.Super. 168, 172, 575 A.2d 574, 576 (1990) (citations omitted). Based on the above recitation of the facts we find there was sufficient probable cause for the patdown search of the defendant and the subsequent issuance and execution of the search warrant.

 Lastly, appellant argues the court erred by imposing a mandatory three-year minimum sentence pursuant to 18 Pa.C.S. § 7508, Drug trafficking sentencing and penalties, which is set forth in pertinent part below: [4]

**4.** Appellant's argument is premised upon the 1988 version of this section which is set forth in the body of this Memorandum. On December 19, 1990, the subsection under discussion was amended to

(a) General rule.—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

. . . . .

(3) A person who is convicted of violating section 13(a)(14) or (30) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt compound, derivative or preparation of coca leaves ... shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) upon the first conviction when the amount of the substance involved is at least 2.0 grams and less than ten grams; one year in prison and fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity and, *upon conviction for another offense subject to sentencing under this section:* three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

*Id.,* § 7508(a)(3)(i) (emphasis added). Appellant contends the prior drug offense upon which the court relied when imposing a mandatory three-year term of incarceration occurred in 1983, prior to the 1988 enactment of this section, did not constitute "an offense subject to sentencing under this section" and, therefore, rendered the sentencing enhancement improper and illegal. In *Commonwealth v. Polanco,* 395 Pa.Super. 197, 576 A.2d 1111 (1990), *alloc. granted,* 526 Pa.

exclude that portion of the statute on which appellant's argument is based. The 1990 revised section is set forth below:

. . . . .

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity....

18 Pa.C.S. § 7508(a)(3)(i).

654, 586 A.2d 922 (1991), this Court discussed section 7508 and found the legislature intended this mandatory minimum provision to apply if, as here, the defendant, who had previously been convicted under section 780–113(a)(30), Possession with intent to deliver, was convicted a second time under that particular statute.

> [W]e interpret the particular language in question to mean that a person, who has been convicted of delivering more than two grams and less than ten grams of cocaine and whose conviction constitutes his *first offense under section (3)*, must receive at least one year imprisonment. If, on the other hand, a person who has been convicted of delivering more than two grams and less than ten grams of cocaine and his conviction constitutes *another offense under section (30)*, must then receive at least three years imprisonment.

*Id.* (emphasis added). This interpretation, which we adopt with regard to appellant's argument, is bolstered by the 1990 amendment to section 7508 which is set forth in footnote 4, supra. In the 1990 amendment the language in question was changed to "however, if at the time of sentencing the defendant has been convicted of *another drug trafficking offense.*" (Emphasis added.) We find it was the legislature's intent, when imposing sentence under section 7508, to count all violations of section 30 and not just those which have occurred since section 7508's 1988 amendment.

Having found all appellant's arguments devoid of merit, we affirm the December 18, 1991 judgment of sentence imposing a three (3) to six (6) year term of incarceration.

Judgment of sentence affirmed.