J-S36004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MITCHELL BRONSON, | : | |
| | : | |
| Appellant. | : | No. 2941 EDA 2017 |

Appeal from the Judgment of Sentence, November 5, 2015,
In the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0005126-2015.

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED AUGUST 24, 2018**

Mitchell Bronson appeals the judgment of sentence imposed for his conviction of possession with intent to deliver a controlled substance[1] and possession of controlled substance.[2]  We affirm.

The trial court summarized the pertinent facts and procedure as follows.[3]  Bronson was arrested on March 25, 2015 and charged with the aforementioned offenses for his part in events that unfolded near the 800 block of North 43rd Street in Philadelphia.  On the evening of March 25, 2015,

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).  Bronson was convicted of this offense but received no further penalty.

[3] Trial Court Opinion, 12/28/17, 1-4

at around 7:15 PM, Officer Marvin Ruley, along with other members of the 16th District narcotics team, surveilled the 800 block of North 43rd Street for narcotics sales. Officer Ruley was a twelve year veteran of the 16th District Narcotics Enforcement Team and is familiar with the 800 block of North 43rd Street due to its reputation for narcotics sales.[4] Officer Ruley testified that he has conducted many investigations on that block and made numerous arrests for narcotics sales in the same area. Officer Ruley observed a black male, later identified as Thomas Seward, approach a heavy-set black male and an unknown female, later identified as Shirley Gaskins, in front of 826 North 43rd Street. Seward handed U.S. currency to the heavy-set black male in exchange for small objects. Seward departed the area, but was stopped by a police officer, who recovered one purple tinted vial of crack cocaine.

Roughly five minutes after Seward's exit from the area, Jesse Johnson approached Shirley Gaskins and the unknown heavy-set black male. After a brief conversation, Johnson handed U.S. currency to the heavy-set black male in exchange for small items. Johnson left and was stopped by police, who recovered three purple vials of crack cocaine.

The unknown heavy-set black male then entered a dark colored vehicle and left the area, while Gaskins remained at the location. Approximately fifteen minutes later, at 7:35 PM, Jibril Maxton approached Gaskins and engaged her in a short conversation. Gaskins crossed the street, out of Officer

---

[4] *See* N.T., 9/3/15 at 11-12.

Ruley's view, and returned about one minute later. Maxton proceeded to hand Gaskins U.S. currency in exchange for an unknown quantity of small items. Maxton left the area of 826 North 43rd Street and was stopped by police. A pink, a blue, and a clear packet, all containing crack cocaine, were recovered from Maxton's person.

Mitchell Bronson arrived on the location at 7:45 PM. He entered the residence at 826 North 43rd Street, then exited shortly thereafter. He was immediately approached by Herbert Bailey, who engaged him in a brief conversation. Following their conversation, Bronson walked across the street, in between two parked cars, and out of Officer Ruley's view for roughly twenty seconds before he returned to Bailey's location. Bailey handed Bronson U.S. currency in exchange for an unknown number of small items. Bailey left the scene and was subsequently stopped by police. One clear packet stamped with a red heart containing crack cocaine was recovered.

Officer Nicholas Martella was working as Officer Ruley's back-up on March 25, 2015. Officer Martella received flash information from Officer Ruley at approximately 8:05 PM instructing him to intercept Bronson. Officer Martella stopped Bronson, and recovered $85.00 in U.S. currency, consisting of one $20.00 bill, three $10.00 bills, one $5.00 bill, and thirty $1.00 bills.

Officer Stewart (first name not given) was also working as back-up for Officer Ruley on the evening of March 25, 2015. After receiving flash information regarding Shirley Gaskins, Officer Stewart stopped her and recovered $10.00 in U.S. currency, a clear sandwich bag containing 17 clear,

heat-sealed Ziploc packets containing crack cocaine and stamped with a red heart, and a clear Ziploc bag with a blue insert, stamped with "American Dream," containing heroin.[5]

At the conclusion of the waiver trial, Bronson was found guilty of all charges, and on November 5, 2015 he was sentenced to an aggregate term of two to four years in prison plus three years of probation.

Bronson filed a *pro se* notice of appeal on November 10, 2015, which this Court dismissed for failure to file a brief. Bronson filed a PCRA petition on November 3, 2016, seeking reinstatement of his appellate rights. His appellate rights were subsequently reinstated on August 10, 2017. Notice of appeal was filed on Bronson's behalf by his attorney, and then a 1925(b) Statement of Matters Complained of on Appeal was filed on December 8, 2017. Bronson's issues raised on appeal are as follows:

> I.) Was the evidence sufficient to sustain the [trial] court's verdict since the evidence pertaining to [Bronson] consisted only of one transaction of an unknown object?
>
> II.) Did the court err in admitting testimony regarding alleged drug transactions by other individuals where no conspiracy charge existed and [Bronson] was not even present during the other transactions?

Bronson's Brief at 3.

---

[5] The parties stipulated that the purple vials tested positive for cocaine, the four clear blue Ziploc bags tested positive for cocaine base, the white Ziploc packet with red hearts tested positive for cocaine, the red heart packets tested positive for cocaine, and the clear blue "American Dream" packet tested positive for heroin. Trial Court Opinion, 12/28/17, at 3-4.

With respect to Bronson's first issue, evidentiary sufficiency is a question of law, and as such our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Hitcho***, 123 A.3d 731, 746 (Pa. 2015). In determining sufficiency of evidence, this Court "must decide whether the evidence admitted at trial, and all reasonable inferences drawn therefrom in favor of the Commonwealth, as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt." ***Commonwealth v. Mitchell***, 902 A.2d 430, 444 (Pa. 2006) *cert denied.*

The decision of whether the evidence is sufficient to uphold a conviction can be supported by both direct and circumstantial evidence, both of which must be given equal weight. ***Commonwealth v. Carson***, 592 A.2d 1318, 1320 (Pa. Super. 1991). The Commonwealth may solely use circumstantial evidence to sustain its burden of proof that every element of the crime occurred. ***Commonwealth v. Stasiak***, 451 A.2d 520 (Pa. Super. 1982). Exclusive reliance on circumstantial evidence is permissible so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. ***Commonwealth v. Brunson***, 938 A.2d 1057, 1058 (Pa. Super. 2007). Determination of the sufficiency of evidence to support a conviction does not require this Court to ask whether it believes the evidence, instead it must determine whether the evidence believed by the fact finder was sufficient to support the verdict. ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1235-36 (Pa. 2007). The facts and circumstances surrounding possession are relevant to determine whether the contraband was possessed

with intent to deliver. **Commonwealth v. Ramos**, 573 A.2d 1027, 1032 (Pa. Super. 1990).

The United States Supreme Court has long held that all the circumstances surrounding a transaction between citizens should be considered in determining whether police acted with probable cause. **U.S. v. Henry,** 361 U.S. 98, 102 (1959). The facts and circumstances considered should include the time, street location, number of transactions, and the movements of the parties. **See Commonwealth v. Kirkland**, 831 A.2d 607, 611 (Pa. Super. 2003). Likewise, the court should consider any drug dealing in the area when analyzing a defendant's actions.

Bronson argues there was insufficient evidence to establish his guilt beyond a reasonable doubt because he was only observed conducting one transaction of an unknown object. The trial court rejected his argument, as does this Court. The totality of the circumstances illustrates that the interaction between Bronson and Bailey was more nefarious in nature than an isolated assessment would depict. Officer Ruley, a veteran narcotics officer, observed multiple narcotics transactions on the evening of March 25, 2015 and several arrests were made in the area of 826 North 43rd Street in association with those transactions. Officer Ruley saw Bronson enter the residence at the same address, and he observed Bronson standing in the same spot where the previous narcotics transactions occurred. Bronson was also seen crossing the street to go to the spot from which Shirley Gaskins had previously retrieved narcotics. When he returned to the area in front of 826

North 43rd Street, Bronson gave Bailey an unknown amount of small items in exchange for U.S. currency. When Bailey was stopped by police after he left the area, police recovered a clear packet stamped with a red heart, the same type of packet that was recovered from Gaskins when she was arrested. Viewing the situation as a whole, under the totality of the circumstances, and drawing all reasonable inferences in favor of the Commonwealth as verdict winner, leads this Court to conclude that the evidence was sufficient to uphold the verdict.

Next, regarding Bronson's second issue of evidence admissibility, our standard of review is also well-settled. The admission of evidence is committed to the discretion of the trial court, and absent an abuse of discretion, the trial court's ruling will not be disturbed on appeal unless that ruling was manifestly unreasonable, or reflects some partiality, prejudice, bias, or ill-will, or such lack of support is clearly erroneous. **Commonwealth v. Akrie**, 159 A.3d 982, 986-87 (Pa. Super. 2017); *citing* **Commonwealth v. Ivy,** 146 A.3d 241, 250 (Pa. Super. 2016).

Assessment of possession with intent to deliver requires an analysis of all the facts and circumstances surrounding the possession. **Commonwealth v. Williams**, 615 A.2d 416, 418 (Pa. Super. 1992); *citing* **Commonwealth v. Ramos**, 573 A.2d 1027, 1032 (Pa. Super. 1990). Generally, "[a]ll relevant evidence is admissible…[e]vidence that is not relevant is not admissible." Pa.R.E. 402. On the other hand, relevant evidence may be excluded if its probative value is *substantially outweighed* by the danger of unfair prejudice

to a party. Pa.R.E. 403. Rule of Evidence 403 defines "unfair prejudice" as a tendency to suggest a decision on an improper basis. *Id.* The determination of whether the prejudice outweighs the evidence's probative value is within the sound discretion of the trial court. *Commonwealth v. Ulatoski*, 472 Pa. 53, 63 n.11 (1977).

Bronson argues that the admission of evidence, regarding other narcotic sales on the 800 block of North 43rd Street on March 25, 2015, is unfairly prejudicial to him and should have been deemed inadmissible. He argues the testimony was highly prejudicial because it created an inference that his actions were part of a larger scheme. Bronson's Brief at 10. The trial court held that Bronson was not convicted for his crimes based on the actions of others. Instead, under the totality of the circumstances, Bronson's actions indicated culpability for possession with intent to deliver. *See* Trial Court Opinion, 12/28/17, at 8. We agree with the trial court's analysis of this issue.

Bronson's reliance on *Commonwealth v. Brookins*, 10 A.3d 1251 (Pa. Super. 2010) and *Commonwealth v. O'Neil*, 108 A.3d 900 (Pa. Super. 2015) is unpersuasive. The facts of these cases share few similarities with this case. *Brookins* and *O'Neil* both involved the use of statements regarding other parties' actions, which were unrelated to the charges against the defendant and would not have been admitted if the respective defendants' motions for severance had been granted. In this case, all parties and testimony were about drug dealing in the same area, with similar actions, in

a short period of time, and were relevant under the totality of the circumstances analysis.

Here, Officer Ruley surveilled the area in front of 826 North 43rd Street for about an hour before Bronson arrived. He witnessed multiple narcotic transactions during that time, and arrests were made in association with those transactions. Bronson then entered the residence in front of which the transactions were occurring. Thereafter, Bronson was seen conducting a transaction involving small objects and U.S. currency with Herbert Bailey. Under these circumstances, the testimony regarding the actions of others may have been prejudicial to Bronson, but the probative value of the testimony outweighed any prejudice. The testimony illustrated the nature of the 800 block of North 43rd Street, a location that Officer Ruley characterized as a high narcotic crime area. Bronson was convicted for his actions alone; the testimony about the actions of others in the area was merely illustrative of the totality of the circumstances surrounding the events of March 25, 2015. We find no abuse of discretion by the trial court in allowing testimony about Shirley Gaskins and the unknown heavy-set black male's actions as there was no partiality, ill-will, or lack of support for the court's decision.

In addition, Bronson's case was a bench trial. Thus, we presume that a trial court, sitting as fact finder, ignored any prejudicial evidence and examined the facts objectively in order to deliver a verdict. **See Commonwealth v. Thomas**, 783 A.2d 328, 335 (Pa. Super. 2001). This presumption renders Bronson's prejudicial evidence argument immaterial.

In conclusion, the evidence was sufficient to support a guilty verdict, and there was no abuse of discretion by the trial court in admitting the testimony about the other narcotics transactions that occurred on the same night and in the same area as the transaction for which Bronson was arrested.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


*Date: 8/24/2018*