J-S35023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS A. BOCCUTO, | |
| Appellant | No. 1621 EDA 2015 |

Appeal from the Judgment of Sentence Entered February 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001780-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 14, 2016**

Appellant, Thomas A. Boccuto, appeals from the judgment of sentence of 4½ to 9 years' incarceration, followed by four years' probation, imposed after he was convicted of aggravated assault, simple assault, and recklessly endangering another person (REAP).  We affirm.

Appellant was convicted of the above-stated offenses after the victim in this case, Christine Rios, testified that Appellant pushed her to the ground and jumped on her leg, fracturing Ms. Rios' tibia bone.  Ms. Rios' injury required surgery to repair, she was hospitalized for four days, and she had to wear a cast on her leg for months.[1]

_____

[1] For a detailed recitation of the facts of this case and the evidence presented at Appellant's trial, **see** Trial Court Opinion (TCO), 7/20/15, at 2-4.

Following a non-jury trial, the court convicted Appellant of aggravated assault, simple assault, and REAP. On February 9, 2015, Appellant was sentenced to a term of 4½ to 9 years' incarceration for aggravated assault, and a consecutive term of two years' probation for REAP. His simple assault conviction merged with his aggravated assault offense for sentencing purposes.

Appellant filed an untimely post-sentence motion on February 21, 2015. That motion was denied on February 24, 2015. Appellant then filed a timely notice of appeal on March 2, 2015. He also complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, which the court deemed as timely (after granting Appellant's request for an extension of time to file that statement). The trial court issued an opinion on July 20, 2015. Herein, Appellant raises four issues for our review:

A. Was the court's sentence manifestly excessive?

B. Was [Ms.] Rios credible?

C. Did the misstatement of facts by the prosecutor in her closing statement amount to prosecutorial misconduct?

D. Was there sufficient evidence to convict Appellant?

Appellant's Brief at 4 (unnecessary capitalization omitted).

After reviewing the record in this case, we conclude that Appellant has waived his first three claims for our review. Initially, Appellant's second issue is a challenge to the weight of the evidence, as he acknowledges in the argument portion of his brief. *See* Appellant's Brief at 18 (stating issue "B"

as, "Appellant's conviction was contrary to the weight of the evidence") (unnecessary capitalization omitted). This claim, and Appellant's first issue challenging the discretionary aspects of his sentence, are required to be preserved in a timely-filed, post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); Pa.R.Crim.P. 607(A) (stating that a claim that verdict was against weight of evidence must be raised before trial court orally or in a written motion prior to sentencing, or in a post-sentence motion); *Commonwealth v. Bromley*, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citations omitted). Here, Appellant's post-sentence motion was due by Thursday, February 19, 2015, yet he did not file his motion until February 21, 2015. Therefore, his claims challenging the weight of the evidence and discretionary aspects of his sentence are waived for our review.

In any event, even if Appellant's first two issues had been properly preserved, we would find those claims meritless for the reasons set forth in the trial court opinion authored by the Honorable Giovanni O. Campbell of the Court of Common Pleas of Philadelphia County. *See* TCO at 6-10. After reviewing the certified record, the briefs of the parties, and the applicable law, it is clear that Judge Campbell's opinion thoroughly and accurately

- 3 -

disposes of Appellant's first two claims. *See id.* Thus, we adopt his reasoning as our own regarding those issues.

In Appellant's third issue, he argues that the prosecutor committed misconduct by stating, in her closing argument, that "[t]here's nothing in the medical records from the doctor that [Ms. Rios] was drinking that day." N.T. Trial, 10/31/14, at 87. Appellant argues that there was "an indication in the medical records that [Ms.] Rios admitted to drinking and taking PCP [the] same day of the incident." Appellant's Brief at 23. According to Appellant, the prosecutor intentionally misrepresented this fact to the court, constituting prosecutorial misconduct.

Our review of the trial transcript reveals that Appellant did not, at any point, object to the prosecutor's remark or request a mistrial based on this purported misconduct. Therefore, this issue is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010) ("The failure to raise a contemporaneous objection to a prosecutor's comment at trial waives any claim of error arising from the comment.") (citation omitted).

In Appellant's fourth claim, he contends that the evidence was insufficient to sustain his convictions. The thrust of Appellant's argument is that Ms. Rios' testimony that Appellant pushed her to the ground and stomped on her leg should not have been believed by the court, "given the severe unreliability of her account...." Appellant's Brief at 26. An attack on a

- 4 -

witness' credibility goes to the weight of the evidence, not the sufficiency. *See Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) (stating "credibility determinations are made by the fact finder and … challenges thereto go to the weight, and not the sufficiency, of the evidence"). As stated, *supra*, the opinion by Judge Campbell adequately addresses Appellant's weight-of-the-evidence claim, and thoroughly discusses the basis for the court's credibility determination in favor of Ms. Rios and against Appellant. *See* TCO at 6-9. Considering that assessment, in conjunction with the court's summary of the evidence presented at trial (which Appellant does not dispute), and Judge Campbell's general analysis of the sufficiency of the evidence to support Appellant's convictions, we conclude that Appellant's sufficiency argument is meritless for the reasons set forth by Judge Campbell. *See* TCO at 2-4 (setting forth the evidence presented at trial); 5-6 (rejecting Appellant's sufficiency of the evidence challenge); 6-9 (rejecting Appellant's challenge to Ms. Rios' credibility).

We do note, however, that Judge Campbell did not specifically address Appellant's simple assault conviction, instead focusing only on how the evidence proved that Appellant committed aggravated assault and REAP. *See id.* at 6. This omission is not problematic, as "[n]umerous cases state that simple assault is a lesser included offense of aggravated assault" and REAP. *Commonwealth v. Ferrari*, 593 A.2d 846, 849 (Pa. Super. 1991); *Commonwealth v. Brunson*, 938 A.2d 1057, 1061-62 (Pa. Super. 2007) (concluding "simple assault is a lesser included offense of [REAP] since the

- 5 -

elements of simple assault are necessarily included in the offense of [REAP]."). Therefore, because Judge Campbell adequately explained why the evidence was sufficient to convict Appellant of aggravated assault and REAP, his analysis is also necessarily adequate to demonstrate that the evidence was sufficient to convict Appellant of simple assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/2016

IN THE COURT OF COMMON PLEAS
FOR THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

COMMONWEALTH : CP-51-CR-0001780-2014

v. :

THOMAS BOCCUTO :

**MEMORANDUM OPINION**

FILED

JUL 2 0 2015

Criminal Appeals Unit
First Judicial District of PA

*CAMPBELL, J.*                                                                July 2 0 , 2015

## Procedural History

Defendant Thomas Boccuto was charged with Aggravated Assault (18 Pa. C. S. § 2702

(A) – F2), Simple Assault (18 Pa. C. S. § 2701 – M2), and Recklessly Endangering Another

Person (18 Pa. C. S. § 2705 – M2) (REAP).

October 31, 2014, the case proceeded to trial before this Court, sitting without a jury.

Defendant was convicted of all charges. Sentencing was deferred for a presentence investigation

and mental health evaluation.

New counsel for Defendant entered her appearance on January 8, 2015.

On February 9, 2015, Defendant was sentenced to 4½ - 9 years on the Aggravated

Assault conviction, followed by two years probation on the REAP. The Simple Assault merged

with the Aggravated Assault for the purposes of sentencing.

An untimely post-sentence motion was filed on February 21, 2015. The post-sentence

motion was denied on February 24, 2015.

A timely Notice of Appeal was filed on March 2, 2015.

CP-51-CR-0001780-2014 Comm. v. Boccuto, Thomas A.
Memorandum Opinion

7321405591

On March 11, 2015, an order directing the filing of a Pa.R.A.P. 1925(b) statement was entered.

A motion for extension of time to file the Rule 1925(b) statement was filed on April 1, 2015.

A Statement pursuant to Pa.R.A.P. 1925(b) was filed on April 28, 2015.

An order granting the motion for extension of time to file the Rule 1925(b) statement is being filed contemporaneous with this opinion.

**Factual History**

Christine Rios testified that she dated Defendant. N.T. 10/31/14, p. 12. On January 21, 2014, Ms. Rios had spent the night at Defendant's house, but left to prepare for work in the late afternoon. N.T. 10/31/14, pp. 12-14, 27-28. As she walked to the bus stop, Defendant came up behind Ms. Rios and pushed her to the ground. N.T. 10/31/14, pp. 14, 31-32. Defendant then jumped on Ms. Rios' leg, putting his whole body weight on the leg. N.T. 10/31/14, pp. 15-16, 38. Ms. Rios heard a crack and she started crying. N.T. 10/31/14, pp. 16, 35-36. As she went to call a family member for assistance, Defendant snatched Ms. Rios' phone from her hand. N.T. 10/31/14, pp. 16-17. Ms. Rios hobbled back to Defendant's house. N.T. 10/31/14, p. 35. Defendant's uncle then came to the door and told Defendant to call an ambulance. N.T. 10/31/14, pp. 17-18.

An ambulance came and transported Ms. Rios to Temple hospital. N.T. 10/31/14, p. 20. She was admitted to the hospital where she underwent surgery to her leg and remained for four days. N.T. 10/31/14, pp. 20-21, 37. She was placed in a hard cast, then a soft cast, then a boot. At the time of trial she was in a boot and using crutches. N.T. 10/31/14, pp. 21-22.

2

Dr. Joseph Miles Sewards, an orthopedic surgeon who was Ms. Rios' treating physician, was qualified as an expert in orthopedics. N.T. 10/31/14, p. 42-46. Dr. Sewards testified that Ms. Rios suffered a spiral fracture to her distal tibia. N.T. 10/31/14, pp. 45-47. Dr. Sewards further testified that the injury suffered by Ms. Rios, a fracture of the tibia, would take a considerable amount of force. N.T. 10/31/14, p. 49. He also testified that it would be rare to have a spiral fracture of the tibia from a simple fall. N.T. 10/31/14, p. 49. Dr. Seward offered an opinion to a reasonable degree of medical certainty that Ms. Rios had been assaulted and that a significant amount of force was used on her leg, resulting in a fracture. N.T. 10/31/14, p. 49.

Rodolpho Duprey, Defendant's uncle, testified that he was home watching a movie on the afternoon of January 21, 2014. N.T. 10/31/14, pp. 55-56. Mr. Duprey testified that he saw Mr. Rios and Defendant leave the house and then returned a short time later. He testified that Ms. Rios' pants were down, she was complaining about her leg hurting, she smelled of alcohol and her speech was slurred. N.T. 10/31/14, pp. 57-59. Mr. Duprey testified that he told Defendant to call for an ambulance, because he didn't want to be financially responsible. N.T. 10/31/14, pp. 59-60. He did not see anything outside and he did not see how Ms. Rios was injured. N.T. 10/31/14, pp. 60-61.

Defendant testified as follows: Ms. Rios had been drinking since the morning of January 21st, and that he saw her drink two "40's" of malt liquor. N.T. 10/31/14, p. 66. They left the house to go shopping, and on the way back to the house they got into an argument about Defendant having slapped a bottle of malt liquor out of Ms. Rios' hand, causing it to break. N.T. 10/31/14, pp. 67-68. They separated then met back up at a bar, where the argument continued. N.T. 10/31/14, p. 69. Ms. Rios fell and Defendant picked up her phone. She started to get on a

3

bus then got back off to get her phone. N.T. 10/31/14, pp. 69-70. Ms. Rios then pulled down her pants and continued to walk, demanding her phone. N.T. 10/31/14, p. 70. Ms. Rios demanded her phone from Defendant, then started attacking him, "clocking" him in the mouth. N.T. 10/31/14, p. 71. She struck him several times, but he had no injuries. N.T. 10/31/14, pp. 77-78. Defendant pushed Ms. Rios and she fell back. N.T. 10/31/14, pp. 71, 75, 78. Defendant then helped Ms. Rios back to his house, where he called for an ambulance. N.T. 10/31/14, pp. 72, 75. Defendant denied stomping on Ms. Rios' leg. N.T. 10/31/14, p. 75.

Evidence of Defendants reputation as a peaceful, truthful, law-abiding citizen was presented by stipulation. N.T. 10/31/14, p. 79.

At sentencing the Court heard from Defendant's grandfather and mother, and there was allocution by Defendant. A victim impact statement was presented, and the Defendant's FBI extract was placed in evidence. The parties agreed that Defendant's Prior Record Score was 0, and his Offense Gravity Score was 11, yielding a Sentencing Guideline Range of 36 to 54, plus or minus 12. N.T. 2/9/15, p. 26.

In imposing sentence of 4 ½ - 9 years (54-108 months), the Court stated:

I've considered the arguments of both counsel, the modified presentence report, the sentencing guidelines in this case ... I've considered many things in particular. One category would tend to mitigate because of the defendant's history of mental health problems, including six admissions to Friends Hospital while in Philadelphia. As aggravators, there are many things to consider: Disturbing comments that the defendant's made -- for which we don't even have to accept the comments in the presentence report, they were apparent in the course of trial -- that indicate a disturbing -- it's disturbing the way the defendant seems to look at life. The circumstances of the offense, the impact on the victim I've also considered. I accept as Commonwealth Exhibit C-2 a copy of an unsigned letter from Ms. Rios... Most of its contents were stated during the course of trial, so I find no problem with its foundation. This sentence is intended to protect the public not only from actions that show this level of carelessness and malice on the part of the defendant, but also given the numerous contacts the defendant has had with law

4

enforcement out of state for battery, narcotics, and theft offenses. This sentence is also intended to address the rehabilitative needs of the defendant.

N.T. 2/9/15, pp. 26-27.

## Discussion

Defendant claims three errors: 1) the evidence was insufficient; 2) the verdict was against the weight of the evidence; and 3) the sentence was manifestly excessive.

### 1. The evidence was sufficient to support the convictions.

A claim challenging the sufficiency of the evidence presents a question of law. *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000). In a claim challenging the sufficiency of the evidence, we must determine whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt. *Commonwealth v. O'Brien*, 2007 PA Super 385, 939 A.2d 912, 913 (Pa.Super.2007). We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict." *Commonwealth v. Williams*, 2013 PA Super 172, 79 A.3d 609, 617 (Pa. Super. 2013). Moreover, our Supreme Court has instructed:

> [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Ratsamy*, 594 Pa. 176, 934 A.2d 1233, 1236 n. 2 (2007).

*Commonwealth v. Thomas*, 65 A.3d 939, 943 (Pa. Super. 2013). In addition, "[t]he

5

Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant." *Commonwealth v. Williams*, 73 A.3d 609, 617 (Pa. Super. 2013) (citations and internal quotations omitted).

Here, the evidence established that Defendant pushed Ms. Rios to the ground, then jumped on her leg with his full weight, causing serious injury to her leg. That the injury was not the result of a simple fall was corroborated by expert testimony.

The evidence was sufficient to prove the crime of Aggravated Assault, in that it demonstrated that Defendant caused serious bodily injury to Ms. Rios intentionally and knowingly. 18 Pa.C.S. § 2702(a)(1). Likewise, the evidence was sufficient to prove the crime of Reckless Endangerment of Another Person, in that Defendant recklessly engaged in conduct which placed Ms. Rios in danger of serious bodily injury. 18 Pa.C.S. § 2705.

### 2. The verdict was not against the weight of the evidence.

Defendant asserts that the verdict was against the weight of the evidence and a new trial is necessary in the interests of justice.

The Supreme Court has explained:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. *Commonwealth v. Whiteman*, 336 Pa. Super. 120, 485 A.2d 459 (Pa. Super. 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. *Tibbs*, 457 U.S. at 38 n. 11. [footnote omitted] An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Brown*, 538 Pa. 410, 648 A.2d 1177 (Pa. 1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Thompson*, supra. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that

6

the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.*

*Commonwealth v. Widmer*, 560 Pa. 308, 319-320, 744 A.2d 745, 751-752 (Pa. 2000). Further:

> The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. *Brown*, 538 Pa. 410, 648 A.2d 1177. A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Whitney*, 511 Pa. 232, 512 A.2d 1152 (Pa. 1986). A motion alleging the verdict was against the weight of the evidence should not be granted where it merely identifies contradictory evidence presented by the Commonwealth and the defendant.

*Commonwealth v. Chamberlain*, 612 Pa. 107, 133-134, 30 A.3d 381, 396 (Pa. 2011).

Defendant argues that Ms. Rios was incredible because her medical records demonstrate drug and alcohol use earlier on the day of the incident, which she denied, and further that her testimony about the lighting was inconsistent with the time of day. Defendant's Rule 1925(b) Statement, ¶¶ 6-7.

In her testimony on cross-examination, Ms. Rios testified that she had not been drinking before 5 p.m. on the day of the incident, and that she had not taken any drugs. N.T. 10/31/14, p. 30. We observed her demeanor, and particularly noted the genuineness of her denial of drug use. N.T. 10/31/14, p. 30. Defense counsel did not examine her on the notation in the medical records, which were in evidence, nor did he direct the court to any contrary evidence in the medical records and there was no testimony about the contents of the medical records. Defendant also did not allege drug use by Ms. Rios in his testimony.

In his 1925(b) Statement, Defendant points to a notation in the medical records stating that Ms. Rios "admits to EtOH [alcohol] and PCP use earlier in the day." This notation does not

7

appear in the nurse's notes, or anywhere else in the records. To the contrary, the history sections of the various documents, including the same page, notes a denial of street drug use. Exhibit C-1, unnumbered p. 16. See also C-1, pp. 13, 47, 137. Likewise, all the assessments indicate that Ms. Rios was alert and oriented, and make no mention of issues with her speech, contrary to the testimony of Defendant. See e.g. C-1, unnumbered page 13. There is also no mention in the hospital triage/admission notes a smell of alcohol, contrary to the testimony of Mr. Duprey.

We found Ms. Rios' testimony credible, and do not find that this anomalous entry in the medical records, even if correct and developed at trial, undermines the credibility of that testimony. Moreover, we did not find the testimony of Defendant or his uncle regarding Ms. Rios' intoxication credible. The medical records support Ms. Rios' testimony that she was not impaired and contradict the testimony of Defendant and his uncle in that regard.

Without regard to whether or not Ms. Rios was candid in her testimony about drug or alcohol use, we found her testimony about the manner in which the injuries were inflicted by Defendant credible. Further, the medical records corroborate her version of events in the form of prior consistent statements by Ms. Rios. Pa.R.E. 613(c). Her version of the events contained in those medical records (C-1, pp. 47) is also admissible as a statement made for and reasonably pertinent to her medical treatment and diagnosis, and described the cause and source of the injury. Pa.R.E. 803(4).

As to the question of lighting during these late afternoon events, Ms. Rios adequately and thoroughly addressed this completely collateral issue in her testimony. N.T. 10/31/14, p. 34. There is no inconsistency, and if even if some slight inconsistency regarding the lighting at 4 or 5 p.m., was present, it is on an issue of no moment or relevance to the relevant evidence or the

8

issues presented. To reiterate, Ms. Rios was credible, Defendant and his uncle were not.

In sum, the verdict was not contrary to the credible evidence and our sense of justice is not shocked by the verdict.

### 3. The sentence imposed did not constitute an abuse of discretion.

Pennsylvania's Sentencing Guidelines are merely advisory. "They set forth a series of recommendations that based on the type of crime, the defendant's criminal history, and the existence of any aggravating or mitigating factors, suggest a range of minimum sentences. … [T]he range is merely a suggestion." *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1119 (Pa. 2007).

As the Supreme Court elaborated:

> [T]he guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors- they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.

*Commonwealth v. Walls*, 926 A.2d 957, 964-965 (Pa. 2007). Moreover, "[t]here is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment." *Commonwealth v. Mouzon*, 571 Pa. 419, 431, 812 A.2d 617, 624-625 (Pa. 2002).

Here, the Court carefully considered the record before it, the pre-sentence reports, Defendant's allocution and the guidelines. N.T. 2/9/15, pp. 26-27. The Court then imposed a sentence within the standard range of the guidelines, albeit at the high end of that range.

As the Court made clear during the sentencing hearing, the circumstances of the offense were extremely troubling: "What I'm saying is that I already determined that he broke her leg by stomping on it." N.T. 2/9/15, p. 8.

9

Likewise, the circumstances of this incident and Defendant's prior history led this sentencing court to believe that Defendant is prone to assaultive conduct.[1]

The Superior Court has explained:

"It was not improper for the [sentencing] judge to consider appellant's alleged involvement in other unlawful activity for which he was not charged, tried, or convicted." Id. We concluded that such conduct impacted on the proper sentencing factor of the protection of the public. See also Commonwealth v. Fries, 362 Pa. Super. 163, 523 A.2d 1134, 1136 (Pa.Super. 1987) HN17 ("It is not improper for a court to consider a defendant's prior arrests which did not result in conviction, as long as the court recognizes the defendant has not been convicted of the charges.").

Not only does the caselaw authorize a sentencing court to consider unprosecuted criminal conduct, the sentencing guidelines essentially mandate such consideration when a prior record score inadequately reflects a defendant's criminal background. In 204 Pa. Code § 303.5(d), Adequacy of the Prior Record Score, the sentencing guidelines provide that the court "may consider at sentencing previous convictions, juvenile adjudications or dispositions not counted in the calculation of the Prior Record Score, in addition to other factors deemed appropriate by the court." (emphasis added by citing court).

*Commonwealth v. P.L.S.*, 894 A.2d 120, 131 (Pa. Super. 2006), Appeal denied by, Sub nom.

*Commonwealth v. Schaffer*, 906 A.2d 542 (Pa. 2006).

Under all these circumstances, the sentenced imposed, which was within the standard guideline range, was appropriate and necessary for the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b).

---

[1] Evidence of Defendants reputation as a peaceful, truthful, law-abiding citizen was presented by stipulation. N.T. 10/31/14, p. 79. It turns out that Defendant reputation is for neither peacefulness, nor law-abidingness. See FBI extract, Sentencing Exhibit C-1. Indeed, his mother, whose testimony was the subject of the stipulation, was aware of his prior arrests, and behavior issues. N.T. 2/9/15, pp. 19-23. Only the serendipity of Defendant's conviction and arrests having occurred in Florida permitted the false stipulation to character evidence.

10

Accordingly, the judgment of sentence should be affirmed.

By The Court:

Campbell, J.

11

Commonwealth v. Thomas Boccuto          Case Number: CP-51-CR-1780-2014

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing upon the person(s), and in the manner indicated above, which service satisfies the requirements of Pa.R.Crim.P.114:

Defense Counsel/Party:

                    Jennifer Santiago, Esquire
                    Land Title Building
                    100 South Broad Street
                    Suite 1331
                    Philadelphia, Pennsylvania 19110

Type of Service:      ( ) Personal (X) First Class Mail

District Attorney:

                    Hugh Burns, Esquire
                    Office of the District Attorney
                    Three South Penn Square
                    Philadelphia, PA 19107

Type of Service       ( ) Personal (X) First Class Mail

**Dated: July 20, 2015**

*Vanessa A. Montone*
Vanessa A. Montone
Judicial Secretary to
Honorable Giovanni O. Campbell