J-S30010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARVIN ALSBROOK | |
| Appellant | No. 2298 EDA 2015 |

Appeal from the Judgment of Sentence June 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002093-2014

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                  **FILED JULY 06, 2016**

Appellant Marvin Alsbrook, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions of robbery, robbery of a motor vehicle, criminal conspiracy, persons not to possess firearms, and possessing instruments of crime ("PIC").[1]  We affirm.

The trial court stated the relevant facts of this case as follows:

> On July 17, 2013, around 10:00 p.m., [the victim] received a call to deliver food to 1139 Union Street.  When he arrived at the row house address, he called the caller ID number of the person who ordered the pizza, and the person responded that he would come downstairs.  While the victim was waiting on the porch of the property, he

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3702(a), 903(c), 6105(a)(1), 907(a), respectively.

saw [Appellant], with his distinct style of walk, and codefendant Tyreek Torrence walking together down the street towards him from the corner. [Appellant] asked, "What's up, homie?" while holding a black .38 revolver gun in his left hand. The victim said, "Damn," and put his keys down, the pizza down, and his hands up by his head "for fear of [his] life." Codefendant stood there then came up on the steps, grabbed the victim by the collar of his shirt, and the victim "went willingly to the ground" and lay on his stomach. [Appellant] went up on the porch, got the keys, and went straight to the driver's side of the victim's van. Codefendant went through the victim's pockets and sock and took $380.00 United States Currency, his wallet, and his phone. The victim pleaded, "Please don't hurt me. I have two children." Codefendant replied, "Nobody's going to hurt you." Codefendant then got up, got into the passenger side of the van, and [Appellant] drove off toward the Philadelphia Zoo. The victim went around the corner to a friend's house and called the police.

(Trial Court Opinion, filed on September 8, 2015, at 3-4) (footnote omitted).

On December 19, 2015, police arrested Appellant after they found him hiding under a bed in his aunt's home.

Following trial, a jury convicted Appellant of robbery, robbery of a motor vehicle, criminal conspiracy, persons not to possess firearms, and PIC. On June 29, 2015, the trial court sentenced Appellant to consecutive terms of imprisonment of ninety (90) to two hundred twenty-eight (228) months for robbery, seventy-eight (78) to two hundred sixteen (216) months for robbery of a motor vehicle, seventy-eight (78) to two hundred sixteen (216) months for conspiracy, sixty (60) to one hundred twenty (120) months for persons not to possess firearms, and fourteen (14) to forty-two (42) months for PIC. Thus, the court imposed an aggregate sentence of three hundred

twenty (320) to eight hundred twenty-two (822) months' imprisonment. Appellant filed a timely post-sentence motion on July 2, 2015. On July 6, 2015, the court denied the motion. Appellant filed a timely notice of appeal on July 22, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issue for our review:

> IS APPELLANT ENTITLED TO A NEW SENTENCE HEARING WHEN THE TRIAL COURT IMPOSED AN AGGREGATE SENTENCE OF 26½ TO 68½ YEARS IN PRISON BASED ON ARRESTS THAT WERE NOT CONVICTIONS, THE ERRONEOUS BELIE[F] THAT APPELLANT WAS A CRIMINAL RING LEADER IN THE NEIGHBORHOOD, AN UNSUPPORTED OPINION OF THE PROSECUTOR AND THE BELIEF NOT SUPPORTED BY THE RECORD THAT…DRUG TRANSACTIONS AND OTHER CRIMINAL ACTIVITY IN THE NEIGHBORHOOD CEASED OR DROPPED OFF AFTER APPELLANT'S ARREST AND INCARCERATION?

(Appellant's Brief at 2)

Appellant argues the court's imposition of consecutive sentences resulted in an excessive aggregate sentence, especially where the victim suffered no bodily injury. Appellant contends the court failed to consider his age, family history, and rehabilitative needs. Appellant claims the court relied on unsupported assertions that Appellant was a criminal ringleader and criminal activity in the neighborhood decreased after his arrest. Appellant concludes he is entitled to resentencing on all of his convictions. As presented, Appellant challenges the discretionary aspects of his sentence.

*See Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595 (Pa.Super. 2010) (explaining challenge to imposition of consecutive sentences implicates discretionary aspects of sentencing); *Commonwealth v. Downing*, 990 A.2d 788 (Pa.Super 2010) (stating claim court relied on improper factors when imposing sentence implicates discretionary aspects of sentencing); *Commonwealth v. Cruz-Centro*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the

sentence imposed at that hearing. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

"Generally, Pennsylvania law 'affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.'" ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super. 2011)

(quoting **Commonwealth v. Pass**, 914 A.2d 442, 446-47 (Pa.Super. 2006)). **See also Commonwealth v. Hoag**, 665 A.2d 1212, 1214 (Pa.Super. 1995) (stating defendant is not entitled to "volume discount" for his crimes by having all sentences run concurrently). **But see Commonwealth v. Dodge**, 957 A.2d 1198 (Pa.Super. 2008), *appeal denied*, 602 Pa. 662, 980 A.2d 605 (2009) (holding consecutive, standard range sentences on thirty-seven counts of **petty theft offenses** for aggregate sentence of 58½ to 124 years' imprisonment constituted virtual life sentence and was so manifestly excessive as to raise substantial question). "Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." **Prisk, supra** at 533. **But see Commonwealth v. Austin**, 66 A.3d 798 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (holding challenge to imposition of consecutive sentences, which yields extensive aggregate sentence, does not necessarily present substantial question as to discretionary aspects of sentencing, unless court's exercise of discretion led to sentence grossly incongruent with criminal conduct at issue and patently unreasonable). Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." **Cruz-Centeno,**

*supra* at 545. A claim that the court relied on an improper factor during sentencing, however, does raise a substantial question. ***Downing, supra***.

On appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. ***Commonwealth v. Fullin***, 892 A.2d 843 (Pa.Super. 2006). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Commonwealth v. Walls***, 592 Pa. 557, 564, 926 A.2d 957, 961 (2007). "Where the sentencing court imposes a sentence within the guideline range, we must review to determine whether the trial court's sentence is 'clearly unreasonable.'" ***Dodge, supra*** at 1200 (citing 42 Pa.C.S.A. § 9781(c)(2)).

Instantly, Appellant failed to raise at sentencing or in his post-sentence motion his claims regarding: (1) the court's reliance on allegedly improper sentencing factors or facts outside the record; and (2) the court's supposed failure to consider mitigating circumstances. Therefore, Appellant waived those issues on appeal. ***See, Mann supra***. Appellant preserved his remaining argument that the court imposed an unreasonably long aggregate sentence by linking all of Appellant's sentences consecutively. Nevertheless, as presented, that claim fails to raise a substantial question. ***See Prisk, supra***. ***Dodge, supra*** is distinguishable. The defendant in ***Dodge*** committed a series of nonviolent petty theft offenses, whereas Appellant

robbed a victim at gunpoint. Further, Appellant will be eligible for parole when he is fifty-five years old, whereas the defendant in **Dodge** received a *de facto* life sentence.

Moreover, at sentencing, Officer Marvin Ruley testified he was familiar with Appellant and his extensive criminal history and had many years' experience policing the area Appellant frequented. Officer Ruley could not recall any other arrests in the neighborhood since Appellant's arrest. Detective Matthew Carey similarly testified to a drop in shootings, robberies, and drug sales in the neighborhood since Appellant was taken into custody. As of the sentencing date, Appellant had several other open cases involving allegations of drug dealing and a shooting.[2] Appellant allegedly committed the acts while he was a fugitive in the instant case, which involved an armed robbery. The court placed its reasons on the record for the sentence imposed, including Appellant's risk to society, lack of rehabilitative potential in light of a long criminal history, the seriousness of the offenses, and the negative impact of the incident on the victim, who felt compelled to move out of the neighborhood. The court confirmed it had reviewed Appellant's presentence investigation ("PSI") report. **See Commonwealth v. Devers**,

_____

[2] The court acknowledged those cases had not resulted in convictions as of the time of sentencing. **See Commonwealth v. Fries**, 523 A.2d 1134, 1136 (Pa.Super. 1987), *appeal denied*, 515 Pa. 619, 531 A.2d 427 (1987) (stating: "[I]t is not improper for a court to consider a defendant's prior arrests which did not result in conviction, as long as the court recognizes the defendant has not been convicted of the charges").

519 Pa. 88, 546 A.2d 12 (1988) (stating court's review of PSI report raises presumption court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating factors). The court also explained the relevant Sentencing Guideline ranges for each offense and imposed a standard-range sentence for each of Appellant's convictions. Therefore, assuming Appellant's claim raised a substantial question, we would conclude the court's decision to link Appellant's sentences consecutively did not rise to an abuse of discretion. ***See Walls, supra***. Based on the foregoing, Appellant's discretionary sentencing challenge merits no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

- 9 -