505 A.2d 1355

COMMONWEALTH of Pennsylvania

v.

**John Thomas NOLAND a/k/a Nolan, Appellant.**

Superior Court of Pennsylvania.

Submitted June 18, 1985.

Filed Feb. 3, 1986.

Reargument Denied April 4, 1986.

Shelley Stark, Assistant Public Defender, Pittsburgh, for appellant.

Joel M. Kaufman, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before ROWLEY, OLSZEWSKI and DEL SOLE, JJ.

PER CURIAM:

Judgments of Sentence for rape and escape affirmed. Judgment of Sentence for burglary vacated and remanded for resentencing. Jurisdiction relinquished.

OLSZEWSKI, J., files a concurring and dissenting opinion.

OLSZEWSKI, Judge, concurring and dissenting:

I agree with my colleagues' decision that the trial court did not err in finding that the crimes of rape and escape arose out of separate transactions. I disagree, however, with their finding that the lower court erred in concluding that the crimes of rape and burglary arose out of separate

transactions. I would affirm the trial court's determination on both matters.

The majority draws the conclusion that the crimes of rape and burglary arose out of the same transaction because of their "close temporal and physical relationship." While this relationship is one factor that should be considered by this court in analyzing this problem, I hesitate to conclude my inquiry here. Our Supreme Court in *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983), was confronted with a similar problem in interpreting the phrase "single criminal episode" under 18 Pa.C.S.A. Sec. 110 (Purdon 1973). This statute was designed to prevent a second prosecution where charges have been joined with those raised in the first prosecution. Thus, in defining this term, this court considered the temporal sequence of events, the logical relationship between the acts and whether the criminal offenses involved common issues of law and fact. Analogizing this situation to the instant case, I find that the crimes of rape and burglary did not arise from the same transaction, but separate transactions.

It is a matter of record that appellant entered the victim's home fully intending to commit a theft. Once the act was completed, appellant committed a second offense, rape. Excluding the temporal and physical relationship between the crimes, no other similarities exist. Neither act occurred for the purpose of completing the other act, nor was one crime a consequence of the other. As a result, I therefore conclude that where an act, which is in itself a separate criminal offense, occurs as part of the logical progression of events culminating in a criminal act, then despite its separate nature, it shall be classified for sentencing purposes only as an act arising out of the same transaction. Since there appears to be no logical relationship between the act of rape and the act of burglary, I conclude that the "same transaction" test has not been met and that the court did not err in applying the prior record score of 2 in calculating appellant's burglary sentence.