J-S66005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON EDWARD JACKSON, | |
| Appellant | No. 1433 WDA 2016 |

Appeal from the Judgment of Sentence August 25, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos.: CP-02-CR-0017785-2013
CP-02-CR-0017787-2013

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED APRIL 18, 2018**

Appellant, Jason Edward Jackson, appeals from the judgment of sentence entered on August 25, 2016, following the revocation of his probation. On appeal, Appellant contends that the trial court relied on impermissible factors in sentencing him and that the sentence was grossly disproportionate to his crimes. For the reasons discussed below, we affirm the judgment of sentence.

We take the underlying facts and procedural history in this matter from the trial court's April 6, 2017 decision and our independent review of the certified record.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] was charged with one (1) count of [s]imple [a]ssault [each in two separate criminal informations] in relation to two (2) incidents wherein he bit his girlfriend . . . on the left wrist and right arm (CC 201317787) and punched her in the face, leaving a bruise under her eye (CC 201317785). He appeared before [the trial c]ourt on May 7, 2014[,] and entered a general plea with an agreement for probation. He was sentenced to a term of imprisonment of 146 days (time served), plus a term of probation of two (2) years, with special conditions including the Batterers Intervention Program and no violent contact with the victim. No [p]ost-[s]entence [m]otions were filed and no direct appeal was taken.

[Appellant] next appeared before [the trial c]ourt on July 17, 2014[,] for a review hearing. At that time[,] it was revealed that [Appellant] had so far failed to enroll in the required Batterers Intervention Program. He was reminded of his requirement to do so and his probation was continued.

[Appellant] next appeared before [the trial c]ourt on July 30, 2015[,] for a probation violation hearing. Again, it was revealed that [Appellant] had still failed to enroll in the required Batterers Intervention Program and had failed to pay his assessed court costs. It was also noted that [Appellant] had been arrested on two (2) additional cases involving the same victim with charges including [t]erroristic [t]hreats, [h]arassment, [s]imple [a]ssault, [p]ersons [n]ot to [p]ossess and [r]ecklessly [e]ndangering [a]nother [p]erson, and on a third case of [s]imple [a]ssalt involving a different victim. At the conclusion of that hearing, [the trial c]ourt revoked [Appellant's] probation and imposed a term of restrictive intermediate punishment of nine (9) to 18 months, with a concurrent term of probation of two (2) years. Again, no [p]ost-[s]entence [m]otions were filed and no direct appeal was taken.

[Appellant] next appeared before [the trial c]ourt on August 25, 2016[,] for a probation violation hearing. After finding that [Appellant] had cut off his ankle bracelet and absconded from electronic monitoring, that he had failed to comply with the technical conditions of probation including failing to complete the Batterers Intervention Program, using drugs and failing to report for drug testing, [the trial c]ourt revoked [Appellant's] probation and imposed two consecutive terms of imprisonment of one (1) to two (2) years, for an aggregate term of imprisonment of two (2) to four (4) years. A timely [p]ost-[s]entence [m]otion to

[r]econsider [s]entence was filed and was denied on September 7, 2016. This appeal followed.[1]

(Trial Court Opinion, 4/06/17, at 1-2) (footnote omitted).

On appeal, Appellant raises the following question for our review.

I.    Did the trial court abuse its discretion in improperly relying on four cases that had been dismissed or withdrawn and discounting mitigating evidence when it issued a maximum sentence of total confinement even though [Appellant] had no new convictions?

(Appellant's Brief, at 5) (unnecessary capitalization omitted).

In his only issue, Appellant challenges the discretionary aspects of his sentence.[2] In **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), this Court held that "thus [our] scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Cartrette**, **supra** at 1034. Appellant's claim is properly before us.

The right to appeal the discretionary aspects of a sentence is not absolute. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant

---

[1] On October 4, 2016, the trial court directed Appellant to file a concise statement of errors complained on appeal. After being granted two extensions of time, Appellant filed a timely Rule 1925(b) statement on January 31, 2017. On April 6, 2017, the trial court issued an opinion. **See** Pa.R.A.P. 1925.

[2] We note that Appellant filed a timely post-sentence motion for reconsideration of sentence. (**See** Post-Sentence Motion, 9/01/16, at unnumbered page 2); **see also McAfee**, **infra** at 275.

challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we determine whether a substantial question exists. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (emphases in original).

> [T]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. . . .

*Commonwealth v. Edwards*, 71 A.3d 323, 327 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citations omitted).

Here, Appellant contends that the trial court abused its discretion by relying on four withdrawn cases to justify the imposition of sentence. (***See***

- 4 -

Appellant's Brief, at 23-28). Appellant bases his claim on the following discussions, which occurred prior to and after the imposition of sentence.

> THE COURT: Well, I'm thinking I've already given you five chances because this is our sixth hearing.
>
> I reviewed your [p]re-[s]entence [r]eport, which I have considered in this case. You have pled guilty before me on two separate simple assaults; of course with the same victim. You allegedly threatened to kill [the victim] and her unborn baby. You assaulted her when she was pregnant. You were lodged at the Allegheny County Jail. You were — you absconded from electronic monitoring. **You were arrested for new charges, which were later dismissed.** There was a review. You were in violation at the time of the review. You failed to report. You failed to attend Batterers Intervention and absconded from intermediate punishment.
>
> You also failed to report for regular drug testing and failed to make any payment toward court costs in this case. You were cited for failure to comply with special conditions, again, Batterers Intervention program. You violated the no victim contact order by choking and biting [the victim] and taking her cell phone.
>
> **She did fail to appear for those charges.**
>
> At the domestic violence curt [sic] case, you were ordered to pass all drug tests, but, oh, no, the next day you tested positive. You failed to notify your probation officer of a change of address. Your whereabouts were unknown.
>
> You failed to be of good behavior and were arrested four times since I placed you on probation; three of these arrests involve the same victim.
>
> You are also in violation of a probation in front of Judge Mariani. You, as I said, failed to abstain from the use of drugs, and your excuse for doing all of these things wrong is that you smoke marijuana.
>
> Your history involves being adjudicated delinquent two separate times, pleading guilty to a gun and a simple [assault] charge as an adult, pleading guilty to a criminal conspiracy as an

adult, having one, two, three — four assault charges **[that] were dismissed at the preliminary hearing.** You have no employment history whatsoever.

     As a result, this [c]ourt concludes that you never did well on supervision. I see no indication that you wished to rehabilitate yourself. The [c]ounty can no longer supervise you and I feel that you are a danger due to the combination of guns, drugs and violence.

(N.T. Sentencing Hearing, 8/25/16, at 3-6) (emphases added). The court then revoked Appellant's probation and imposed the at-issue sentences. Immediately thereafter, the court had the following exchange with a man in the courtroom named Reverend Martin:

THE COURT: Yes, sir? Are you his father?

REVEREND MARTIN: No, ma'am. Not at all. My name is Reverend Martin. I run a program —

THE COURT: I'm sorry, Reverend, step forward a little bit. I can't hear you.

REVEREND MARTIN: I run a program called Strength Incorporated. We put guys like this into treatment.

     We started in drug court with Judge Nauhaus years ago. So drug court is about guys just like him that keeps coming in front of you repeating, repeating, repeating, and one of the things — he's never seen me before. His mother is back there.

     One of the things that I know is you can't lock up a disease. You know, get him some kind of treatment because it's the same thing over and over and over.

     I never talked to this kid before, but I don't want to see him go down this road without him understanding that he has a disease. It's addiction.

THE COURT: Yes. But, you know, I can't lock him up because of his disease. I can lock him up because he continues to beat women.

REVEREND MARTIN: Correct.

THE COURT: Because he continues to carry a firearm. He is a danger to everybody.

REVEREND MARTIN: I agree with you 150 percent, but —

THE COURT: I respect you and I heard Judge Nauhaus talk of you. I hope that we can get actively involved, and maybe the next kid that comes down the road, we'll divert him to you.

REVEREND MARTIN: Okay. Thank you very much.

THE COURT: Thank you for speaking up.

REVEREND MARTIN: Yes, ma'am.

*Id.* at 6-8.

Prior to reviewing the merits of this claim, we must determine if it is properly before us. We note, "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *McAfee*, *supra* at 275 (citations and internal quotations marks omitted). In addition, Pennsylvania Rule of Criminal Procedure 708 provides that a motion to modify sentence must be filed within ten days of the imposition of sentence following the revocation of probation. *See* Pa.R.Crim.P. 708(E). As the comment to Rule 708 explains:

Issues properly preserved at the sentencing proceeding need not, but may, be raised again in a motion to modify sentence in order to preserve them for appeal. In deciding whether to move to modify sentence, counsel must carefully consider whether the record created at the sentencing proceeding is adequate for appellate review of the issues, or the issues may be waived.

Pa.R.Crim.P. 708 cmt (citation omitted). Thus, an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. *See Commonwealth v. Parker*, 847 A.2d 745, 752 (Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion).

Here, Appellant did not raise any objections to the sentence at sentencing. (*See* N.T. Sentencing, at 6-8). While Appellant did file a post-sentence motion for reconsideration, he did not allege the trial court relied on impermissible factors in imposing sentence but only challenged the alleged excessiveness of the sentence because of the trial court's failure to consider his rehabilitative needs. (*See* Motion to Reconsider Sentence, 9/01/16, at unnumbered page 2). It is settled that an appellant waives any discretionary aspects of sentence issue not raised in a post-sentence motion; also, an appellant cannot raise an issue for the first time on appeal. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not

raised in post-sentence motion); **see also** Pa.R.A.P. 302(a); Pa.R.Crim.P. 708(E). Thus, Appellant has waived this claim.

Moreover, although a claim that a trial court relied on improper factors in imposing sentence raises a substantial question, **see Commonwealth v. Downing**, 990 A.2d 788, 792 (Pa. Super. 2010), the claim here lacks merit. It is settled law that a sentencing court can "consider a defendant's prior arrests which did not result in conviction, as long as the court recognizes the defendant has not been convicted of the charges." **Commonwealth v. Fries**, 523 A.2d 1134, 1136 (Pa. Super. 1987), *appeal denied*, 531 A.2d 427 (Pa. 1987) (citation omitted); **see also Commonwealth v. P.L.S.**, 894 A.2d 120, 129-33 (Pa. Super. 2006), *appeal denied*, 906 A.2d 542 (Pa. 2006) (affirming sentence where court considered uncharged allegations of sexual abuse).

Here, the sentencing court specifically acknowledged that it was aware that the criminal conduct it discussed did not result in convictions. (**See** N.T. Sentencing, at 4-5). The sentencing court's later comment that Appellant posed a danger because of "guns, drugs and violence" and its exchange with Reverend Martin in no way vitiated its earlier remarks or in any way indicated that the court improperly believed that Appellant had been convicted of the offenses in question. (**Id.** at 6). The record supported this statement. (**See id.** at 4-6). Moreover, this Court does not believe that it is proper to consider the off-the-cuff remarks made after sentencing, particularly when those remarks simply repeated the court's earlier comments. (**See id.** at 7-8). In

addition, the court never contradicted its earlier observations that the subsequent charges against Appellant did not result in conviction. (*See id.*).

Further, even if we were to find that the sentencing court considered an improper factor, we would still affirm because, even absent consideration of that factor, the sentence is reasonable. *See Commonwealth v. Smith*, 673 A.2d 893, 896-97 (Pa. 1996) (upholding sentence despite trial court's consideration of improper factor where factor did not implicate "exercise of a fundamental constitutional right[,]" and sentence was otherwise reasonable.). Here, the sentencing court had the benefit of a Pre-Sentence Investigation Report, and it detailed Appellant's dismal record on probation. (*See* N.T. Sentencing, at 3-6). Specifically, it noted that this was the sixth hearing in this case, and pointed to Appellant's failed and missed drug tests; his absconding to avoid a drug test, failure to attend the Batterers Intervention Program, lack of any payments on court costs, violating the no-contact order, and other technical violations. (*See id.*). Thus, the sentence was reasonable and "essential to vindicate the authority of court." *Edwards*, *supra* at 327 (citations omitted).

Appellant also contends that the sentence was unreasonable because the court failed to consider mitigating circumstances. (*See* Appellant's Brief, at 29-32). We disagree.

We note that a bald claim of an excessive sentence does not generally raise a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263,

1269 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). However, this Court has held that a claim of excessiveness in conjunction with a claim that the sentencing court did not consider mitigating factors presents a substantial question. **See Commonwealth v. Zeigler**, 112 A.3d 656, 662 (Pa. Super. 2015). As discussed above, the record reflects that Appellant's sentence was both reasonable and necessary to vindicate the trial court's authority in light of Appellant's repeated violations of probation. **See Edwards**, **supra** at 327. Thus, Appellant's claim lacks merit.

Accordingly, we find that Appellant's claims are either waived or lack merit.

Judgment of sentence affirmed.

Judge Dubow joins the Memorandum.

President Judge Emeritus Bender files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2018

- 11 -