J-S36009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY MCCLINTON | : | |
| | : | |
| Appellant | : | No. 1960 EDA 2017 |

Appeal from the Judgment of Sentence, May 24, 2017,
In the Court of Common Pleas of Lehigh County,
Criminal Division at No(s): CP-39-CR-0001147-2017,
CP-39-CR-0005035-2016.

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 13, 2018**

Ricky McClinton appeals from the judgment of sentence imposed following his guilty plea to charges of possession with intent to deliver a controlled substance and resisting arrest.[1] He challenges the discretionary aspect of his sentence. We affirm the judgment of sentence.

The facts underlying McClinton's sentence are largely irrelevant as the challenge is to the sentence itself. On April 27, 2017 McClinton, while on parole, was charged with and pled guilty to the aforementioned crimes, and the associated plea deal required the sentences for each charge to not exceed the standard range within the Sentencing Guidelines. He was sentenced to a

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 5104, respectively.

term of imprisonment between fourteen and thirty-six months on the charge of possession with intent to deliver, and six to eighteen months on the charge of resisting arrest. The sentences were ordered to run consecutively. A Gagnon II hearing for McClinton's parole violation on an unrelated previous case was also held on the same date, and he was remanded to a correctional facility to serve the balance of the six-month sentence previously imposed. McClinton would be eligible for parole after serving one-third of the balance of his total sentence. Trial Court Opinion, 8/1/17, at 1-2.

McClinton challenges the length of the sentence imposed by the trial court. He claims the sentence is excessive and constitutes an abuse of discretion. We have long held that there is no absolute right to appeal when challenging the discretionary aspect of a sentence. **Commonwealth v. Crump**, 995 A.3d 1058, 1064 (Pa. Super. 2011). Criminal defendants must petition for allowance to appeal pursuant to 42 Pa.C.S.A. § 978. As such we must conduct a four-part analysis before the merits of a discretionary sentence challenge can be addressed. **Commonwealth v. Mourey**, 992 A.2d 162, 170 (Pa. Super. 2010). Under this analysis, we must determine: 1) whether appellant has filed a timely notice of appeal; 2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; 3) whether the appellant's brief contained a 2119(f) statement; and 4) whether there is a substantial question that the sentence appealed from is

inappropriate under the Sentencing Code. *Id*; ***Commonwealth v. Hanson***, 856 A.2d 1254 (Pa. Super. 2004).

McClinton's appeal was timely[2] and his challenge was preserved in a post-sentence motion. His brief also contained a statement pursuant to 2119(f) challenging the discretionary aspect of his sentence. ***See*** McClinton's Brief at 11. McClinton has satisfied the first three parts of the analysis, so we turn to the fourth part to determine whether he has raised a substantial question.

Whether a substantial question has been raised regarding discretionary sentencing is determined on a case-by-case basis. ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa. Super. 1999). A substantial question exists, and an appeal will be granted, "only when the appellant advances a colorable argument that the sentencing judge's actions were either: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process." ***Id***.

McClinton's 2119(f) statement reads:

> Mr. McClinton is requesting the review of his sentence based upon his belief that the Trial Court abused its discretion when it imposed a harsh and excessive punishment contrary to the fundamental norms of the Sentencing Guidelines. He believes that the Court failed to consider or to adequately

---

[2] This appeal was granted although McClinton included both docket numbers in a single notice of appeal. We will not quash this appeal based on the violation of this procedure, although each docket number should be contained in its own notice of appeal. ***See generally Commonwealth v. Walker***, 2018 WL 2448643 (Pa. June 1, 2018); Pa.R.A.P. 341(a).

consider appropriate sentencing factors or mitigating factors as required as part of the individualized sentencing process. The Court ignored legitimate mitigating factors in contravention of its duty and as required pursuant to the sentencing code. ***Commonwealth v. Raven***, 2014 Pa. Super. 186. 97 A.3d 1244. 1253 (Pa. Super. 2014), (additional citations omitted) and, ***Commonwealth v. Swope***, 2015 Pa. Super. 196, 123 A.3d 333 (Pa. Super. 2015.)

McClinton's Brief at 11.

McClinton's argument advances a claim that mitigating factors were not considered by the trial judge during his sentencing and, therefore, the trial judge abused her discretion in imposing the sentence. This Court has consistently held that a claim of inadequate consideration of mitigating factors does not raise a substantial question for appellate review. ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013); ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010). Accordingly, we conclude that McClinton's argument regarding the trial court's failure to consider mitigating factors does not raise a substantial question and is not proper for appellate review.

Even if a substantial question were raised, McClinton's underlying argument is without merit and the trial court's judgment of sentence would still be affirmed. Our standard of review of a sentencing challenge is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored

or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill-will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Booze***, 953 A.2d 1263, 1278-79 (Pa. Super. 2008). This Court gives great weight to the decision of the sentencing judge, as the sentencing judge is in the most advantageous position to weigh various factors such as "the nature of the crime and the defendant's displays of remorse, defiance, or indifference." ***Commonwealth v. Fries***, 523 A.2d 1134, 1135 (Pa. Super. 1987). The sentencing court must consider the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant when considering an appropriate sentence. 42 Pa.C.S.A. §9721(b). This Court cannot reweigh sentencing factors and impose its own judgment in the place of the sentencing court. ***Commonwealth v. Walls***, 926 A.2d 957 (Pa. 2007).

Here, McClinton's sentences for both charges are within the sentencing guidelines, and as such the sentence is presumed reasonable and the burden is on him to demonstrate that application of the guidelines was clearly unreasonable. ***Commonwealth v. Ventura***, 975 A.2d 1128, 1134 (Pa. Super. 2009). McClinton's claim that the sentencing court failed to properly consider mitigating factors cannot defeat this presumption, and his argument falls short of demonstrating that application of the guidelines was clearly unreasonable. Additionally, ***Commonwealth v. Devers*** states that where a pre-sentence report exists, as it does in the case *sub judice*, there is a presumption that the sentencing court was aware of and adequately

considered the information, including mitigating factors. 546 A.2d 12 (Pa. 1988). McClinton's sentence was eminently reasonable in light of record. He was arrested for the charges at hand less than a month after he was placed on supervision for a previous drug charge. The sentencing court also indicated that McClinton was disrespectful, "smug," and unremorseful. N.T., 5/24/17, at 8. In light of his attitude and the gravity of the charges, McClinton's aggregate sentence of 26 to 54 months is reasonable and well within the sentencing guidelines. We discern no manifest abuse of discretion, misapplication of law, or bias in this case.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/13/2018*