J-S69018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER LEE GESSNER :
:
Appellant : No. 821 MDA 2018

Appeal from the Judgment of Sentence March 22, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003249-2011,
CP-22-CR-0005329-2014

BEFORE: BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 20, 2018**

Christopher Lee Gessner appeals from the judgment of sentence,

entered in the Court of Common Pleas of Dauphin County, following his

convictions on two dockets for criminal attempt (homicide), aggravated

assault, arson and endangering another person (docket #3249 CR 2011); and

criminal solicitation to commit murder (docket #5329 CR 2014).  On appeal,

Gessner claims that his aggregate re-sentence of 28-56 years' incarceration,

plus two years of probation, is excessive and vindictive.  Counsel has also filed

a petition to withdraw, pursuant to **Anders**/**McClendon**.[1]   After careful

review, we affirm and grant counsel's petition to withdraw.

---

[1] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  On August 15, 2018, counsel filed with this Court her initial **Anders**/**McClendon** petition seeking to withdraw on

J-S69018-18

The trial court aptly summarized the relevant facts underlying this criminal case as follows:

> Gessner was accused of setting his trailer on fire with his girlfriend and her dogs inside. He poured gasoline all over the house and splashed it on her. She had to run through fire to escape. The victim was severely burned and the dogs perished in the fire. The victim described the manner in which he started the fire - trapping her in the trailer without a means of escape other than running through fire. [Gessner] made admissions at the scene that he had started the fire with gasoline. Arson investigators were able to determine that the fire was started in a manner consistent with the victim's testimony.
>
> While in prison awaiting trial, [Gessner] solicited a former cellmate to kill the victim in order to make the charges go away. The informant testified that Gessner approached him while they were incarcerated together to discuss killing the victim. There was a two[-]year period of conversations surrounding this, some of which were recorded. Payment was made to the informant.

Post-Sentence Motion Memorandum Opinion, 1/9/17, at 2 (citations to notes of testimony omitted).[2] In addition to the charges on docket #3249, on August 5, 2015, Gessner was also charged with criminal solicitation to commit murder on docket #5329; the cases were consolidated for trial. Following a

_____

appeal. On August 20, 2018, our court denied counsel's request, noting that counsel had not complied with the withdrawal requirements. On September 19, 2018, Gessner filed a *pro se* response to counsel's request to withdraw. On October 19, 2018, counsel filed the instant amended petition to withdraw, which substantially complies with the requirements set forth in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[2] Although not relevant to this appeal, Gessner filed a pre-trial motion to suppress claiming that he did not knowingly and intelligently waive his **Miranda** rights when he was interviewed by police in connection with the solicitation charge. Following a hearing, the court denied the motion.

three-day jury trial held in August 2015, Gessner was found guilty at both dockets on the above-cited charges. Gessner was sentenced on October 14, 2015, to an aggregate term of imprisonment of 240-480 months on docket #3249 and a consecutive term of imprisonment of 96 months to 192 months on docket #5329, with two years of probation.

Gessner filed timely post-trial motions, which were denied on January 29, 2016. Gessner filed an appeal and our Court affirmed Gessner's judgment of sentence. *See Commonwealth v. Gessner*, No. 322 MDA 2016 (filed Feb. 23, 2017). Gessner filed a timely Post Conviction Relief Act (PCRA)[3] petition. Following an evidentiary hearing, the court resentenced Gessner, on March 22, 2018, to an aggregate sentence of 35-50 years' incarceration, with a consecutive term of two years of probation. On March 27, 2018, the court issued an amended sentencing order correcting the sentence to reflect an aggregate sentence of 28-56 years of incarceration, with a consecutive 2-year probationary tail. The same day that Gessner received the amended sentence, he filed a post-sentence motion claiming that his sentence was excessive and vindictive. Gessner later filed an amended motion making the same claims with regard to his sentence. On April 26, 2018, the court denied Gessner's amended post-sentence motions.

Counsel filed a timely notice of appeal and served on the trial judge a statement of intent to file an *Anders*/*McClendon* brief in lieu of filing a

---

[3] *See* 42 Pa.C.S. §§ 9541-9546.

Pa.R.A.P. 1925(b) statement. **See** Pa.R.A.P. 1925(c)(4). On appeal, Gessner presents one issue for our consideration: Whether the sentence received was excessive and vindictive?

Gessner's issue implicates the discretionary aspect of his sentence. In order to reach the merits of a discretionary aspects claim, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [the appellant] preserved his [or her] issue; (3) whether [the appellant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

**Commonwealth v. Ali**, 2018 PA Super 273, *38 (Pa. Super. 2018) (citations omitted). Gessner has complied with the first three prongs of the test set forth: he has filed a timely appeal; he has preserved his discretionary claims in a post-sentence motion; and he has included a Pa.R.A.P. 2119(f) concise statement in his brief. With regard to the fourth prong, we note that:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Id.** at *39 (citations omitted). Based on these requirements, we conclude that Gessner presents a substantial question. **See Commonwealth v. Robinson**, 931 A.2d 15 (Pa. Super. 2007) (en banc) (claim of vindictiveness must be viewed as one implicating discretionary aspects of sentence). While

a court's exercise of discretion in imposing sentences consecutively does not ordinarily raise a substantial question, **Commonwealth v. Mastromarino**, 2 A.3d 581 (Pa. Super. 2010), a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges, if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence. **Commonwealth v. Dodge**, 77 A.3d 1263 (Pa. Super. 2013). **See Commonwealth v. Caldwell**, 117 A.3d 763 (Pa. Super. 2015) (defendant's challenge to imposition of consecutive sentences as unduly excessive, together with claim that court failed to consider rehabilitative needs upon fashioning sentence, presents substantial question). Thus, we grant Gessner's petition for review and will address the merits of his claim.

Gessner claims that the court's resentence of 28-56 years of imprisonment, the same sentence that the trial court originally imposed, is excessive because the court did not give any consideration to his rehabilitative needs. Moreover, Gessner alleges that his solicitation charge on docket #5329 was part of a "crime spree" and, thus, his sentence on that charge should have run concurrent to his other charges on docket #3249.

When imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2017). An abuse of discretion is shown when the appellant establishes, by reference to the record,

that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. **Raven**, 97 A.3d at 1253.

In **Commonwealth v. Fries**, 523 A.2d 1134 (Pa. Super. 1987), our Court stated:

> A "transaction" is a crime or crimes which were committed by a defendant at a single time or in temporally continuous actions that are part of the same episode, event, or incident, or which are conspiracy and the object offense. "Spree" crimes are not part of the same transaction unless they occurred as continuous actions not separated in time by law abiding behavior.

**Id.** at 1136, citing Pa.C.Sent.2d, at 58. Additionally, it is a matter for judicial determination as to whether those related crimes are so temporally continuous, unseparated by law abiding behavior, as to constitute a "transaction." **Id.** at 1139.

Gessner believes his solicitation of a prison inmate to kill his originally intended victim was part of the same transaction and a continuous action of his original criminal activity in setting the victim's trailer on fire. Because of this alleged "crime spree," Gessner claims his sentences should have run concurrently, not consecutively, to one another. We disagree.

Here, Gessner attempted to kill the victim by setting fire to her trailer in July 2011; he solicited his cellmate to kill the victim later, in May and June 2014. The fact that it was the same victim in both cases does not, by that fact alone, make this a spree crime. The crimes did not occur in one continuous "spree" or episode; they were committed almost three years apart.

Additionally, Gessner cannot articulate any justifiable reason why his consecutive sentences are unreasonable. Thus, we find this claim meritless.

In Gessner's second claim, that his sentence was vindictive, we note that claims of vindictiveness ordinarily arise where a defendant has been resentenced to a *more severe* sentence after successfully having his first conviction overturned on appeal. ***See North Carolina v. Pearce***, 396 U.S. 711 (1969). The prohibition against vindictiveness is designed to prevent courts from punishing defendants for freely exercising their legal rights. ***Commonwealth v. Speight***, 854 A.3d 450, 455 (Pa. 2004). Thus, if the court imposes a harsher sentence after a retrial, a presumption of vindictiveness applies. ***Id.*** That presumption can be overcome by pointing to "objective information in the record justifying the increased sentence." ***Id.*** (citation omitted).

Here, not only did the trial court fail to impose a harsher sentence upon resentencing, but the court also pointed to objective information in the record justifying its sentence, stating:

> The heinous nature of the crimes is in large part why the sentence on the two dockets ran consecutive. Defendant was incarcerated awaiting trial on an attempted homicide when he solicited another inmate to kill the victim of the attempted homicide. While the general public appears to be safe from him[,] clearly the victim's life has been terribly impacted by these events. She has been victimized twice over, once while she believed her attacker was safely behind bars. [Gessner's] concerted efforts to commit yet another crime even while incarcerated on the first shows that rehabilitation is going to be a long and difficult road.

Post-Sentence Motion Memorandum Opinion, 4/26/18, at 2. After a careful review of the record and facts of the case, we find no vindictiveness in the court's resentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2018